Darrell J. York, #14408
Wasatch Defense Lawyers
299 South Main Street, 13th Floor
Salt Lake City, UT 84111
(801) 980-9965
djylaw@gmail.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT,

DISTRICT OF UTAH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS |
| vs. | : | |
| KRISTA RENAE STONE, | : | 24 CR 00181-001 |
| Defendant. | : | JUDGE DAVID SAM |

COMES NOW, the Defendant, Krista Renae Stone, by counsel, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, and Local Rule 32-1(b)(2), hereby files her sentencing pleading.  Ms. Stone respectfully states that she has reviewed the Probation Office's Pre-Sentence Investigation Report ("PSR"), does not have any objections to the PSR, and states her position with respect to sentencing factors.

## Introduction

Ms. Stone's guideline range is 87 to 108 months incarceration.  She does not have any prior criminal convictions.  She has demonstrated acceptance of responsibility for her actions, and is remorseful concerning her conduct.

1

## Procedural Background

On May 30, 2024, Ms. Stone made her initial appearance before the court. She entered into a pre-indictment plea agreement to Count 1 of the Information, which charged her with Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire in violation of 18 U.S.C § 1958. The plea agreement with the government was for 78 months of incarceration and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Civil Procedure.

## The Sentence Recommended by the Guidelines

The sentence recommended by the United States Sentencing Guidelines is 87 to 108 months. Consideration of the circumstances of Ms. Stone's offense, her history and characteristics, and the purposes of sentencing expressed by the §3553(a) factors, demonstrate that a sentence of 78 months, in this case, sufficient, but not greater that necessary to comply with the directives of § 3553(a), and the government agrees this sentence is appropriate.

## The Nature and Circumstances of the Offense as They Relate to the Sentencing Factors

Ms. Stone is deeply remorseful concerning her actions. Although Ms. Stone was suffering from mental health conditions, this does not excuse her behavior. *See* PSR ¶ 45. Ms. Stone, through her counsel, contacted Assistance United States Attorney, Carol Dain, shortly after her contact with Homeland Security Special Agents. Ms. Stone and her counsel voluntarily met with Ms. Dain and admitted her guilt in that

meeting. Ms. Stone has not impeded or obstructed justice in any way. *See* PSR ¶ 14. Being prosecuted in federal court has had a profound impact on Ms. Stone. She is extremely remorseful and understands her actions were harmful to herself and others.

The probation officer credited Ms. Stone with a three-point reduction for acceptance of responsibility. *See* PSR ¶ 25 & 26.

### The History and Characteristics of Ms. Stone

Krista Renae Stone was born August 22, 2000, in Orem, Utah to Jared and Amy Stone. Ms. Stone has four siblings ranging in age from 20 to 13 years of age. Ms. Stone is the oldest child. Ms. Stone's parents and siblings all lived together in North Odgen. Her father is a certified public accountant, and her mother is a homemaker but also works parttime at a high school. PSR ¶ 39.

Ms. Stone's mother suffered from postpartum depression after the birth of her siblings which resulted in some emotional neglect from her mother. PSR ¶ 41.

Ms. Stone is single and has never been married. She does not have any children.

Ms. Stone has been battling with depression and anxiety since her teenage years and sought therapy for her condition after graduating high school. She was prescribed mediation but suffered from sever depression and panic attacks after discontinuing her mediation. PSR ¶ 45.

Ms. Stone graduated from the University of Utah in May 2022 with a bachelor's degree in accounting. PSR ¶ 47. During her college years, Ms. Stone worked at P.F. Changs. Ms. Stone was working as an accountant for the past 2 years at Sizzling Platter and also part-time at PF Changes. PSR ¶ 49.

Upon Ms. Stone's release from prison, she plans to further her education to obtain her certificate in public accounting. PSR ¶ 47.

## **The Need for the Sentence to Reflect the Seriousness of the Offense/ Promote Respect for the Law/ Provide Just Punishment/ Afford Adequate Deterrence to Criminal Conduct**

If the court incarcerates Ms. Stone to the agreed upon 78 months, it would be sufficient, but not greater than necessary, sentence to punish her for the offense she has committed. Ms. Stone broke the law and knows that a fair and reasonable punishment is appropriate. Research has consistently shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Just., 28 (2006). Ms. Stone respectfully submits that a sentence of 78 months of incarceration would reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence to both Ms. Stone and the public. A 78-month sentence would accomplish all the sentencing objectives.

## **Collateral Consequences of Conviction**

Individuals who have been convicted and incarcerated face penalties beyond those imposed in the courtroom. As they pertain to Ms. Stone, these collateral sanctions include employment discrimination, loss of employment, and occupational restrictions. In consideration of the 3553(a) factors, this Court should take collateral

4

consequences into consideration, as they serve as additional mitigating factors which support the 78-month sentence.

Ms. Stone has accepted full responsibility for her actions. She understands the breadth of the impact this matter has had and will continue to have on her and her family. She has faced public embarrassment and humiliation for her actions.

### The Kinds of Sentences Available, the Sentencing Range Established for the Offense and the Pertinent Policy Issued by the Sentencing Commission

Ms. Stone's advisory guideline range is 87-120 months. She is a Criminal History Category I. Nevertheless, the guideline range and the policy statements issue by the United States Sentencing Commission are but two factors for the Court to consider when fashioning the appropriate sentence. The Supreme Court has now decided that judges have latitude to sentence in disagreement with the policies of the United States Sentencing Commission. *See generally Gall v. United States,* 552 U.S. 38 (2007); *Kimbrough v. United States,* 552 U.S. 85 (2007); *Rita v. United States,* 551 U.S. 338 (2007).

**(a) Ms. Stone was a Law-Abiding Citizen Who Exercised Extremely Poor Judgment**

Ms. Stone lived her entire life crime free. She obtained her bachelor's degree and worked part time while earning her degree. She maintained a full-time job as an accountant and also worked 20 hours per week as an assistant manager at PF Changs. PSR ¶ 49. Ms. Stone is aware she has pled guilty to a very serious charge. She has, without delay, admitted her guilt and expressed remorse for her conduct. In *Koon v.*

5

*United States*, 518 U.S. 81, 113 (1996), the Supreme Court said: "[I]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate. . . the crime and punishment to ensure." *Id.* At 113. Ms. Stone's conduct can reasonably be considered a terrible isolated mistake that is not aligned with her history.

Ms. Stone can reasonably be characterized as a "good person" who exercised extremely poor judgment that has resulted in a federal conviction; and which will undoubtedly impact her for the rest of her life. She is aware of her shortcomings. She knows that her conduct not only affected her life, but also, those who love and care for her, those who look up to her, and all of those who were impacted by her actions, including the victim. Ms. Stone is committed to making a better life for herself and to do all that is necessary to achieve her academic and career goals.

**(b) Extraordinary Demonstration of Acceptance of Responsibility**

Under the advisory guidelines created by *Booker*, the court is not prohibited from Fashioning sentences that relay on § 3553(a) to fit circumstances of the case. Ms. Stone, without delay, accepted responsibility for the commission of the offense. She was cooperative with the agents for the United States and admitted her guilt to the agents upon questioning. She retained counsel shortly after her contact with agents and her counsel reached out to the United States Attorney's Office to resolve this matter without an indictment. Ms. Stone respectfully requests that this court give due consideration to

these factors and impose the 78-month sentence as agreed upon between herself and the government.

### (c) Recidivism (Not a Future Danger)

Ms. Stone poses little to no risk of recidivism. She has dealt with and continues to try to cope with the embarrassment, humiliation, and emotional trauma of being federally prosecuted, convicted and imprisoned for the underlying offense. She never wants to put herself in the position of being charged with any offense.

For all female offenders in Criminal History Category I, the recidivism rate is 10%. For those who have some college, the rate in CHC I is 13.9%, for those who have been employed, the rate is 12.7%. Undoubtedly, for those like Ms. Stone, who are educated, have been employed, and are drug free, the combined rate is even lower. *See* U.S. Sent'g Comm'n, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines,* at Exh. 9 at 28; Exh 10, at 29 (May 2004). These studies demonstrate that certain aspects of the guidelines overstate the risk of recidivism.

Statistics demonstrate that Ms. Stone poses little to no risk of recidivism. She has strong family support. Her family has expressed their love and support for her and their continued support. Ms. Stone has set realistic academic and career goals that she wants to achieve. She understands and appreciates the full consequences of her criminal behavior. That alone is incentive to refrain from any future criminal conduct.

## **Conclusion**

Ms. Stone has completely and timely accepted responsibility for her actions, and is extremely remorseful, giving consideration to the facts and factors above, Ms. Stone respectfully asks this Court to impose the 78-month sentence. Such a sentence is sufficient, but not greater than necessary to comply with the sentencing factors.

Dated: August 7, 2024					Respectfully submitted,

							KRISTA RENAE STONE

							By: /s/ *Darrell J. York*
							    Darrell J. York (SBN #14408)
							    Attorney for Krista Renae Stone

I certified that on this 7th day of August, 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF, which will send a notification of such filing (NEF) to the following:

CAROL A. DAIN
Assistant United States Attorney
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800 Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: carol.dain@usdoj.gov

And I hereby certify that I will mail the document by electronic mail to the following non-filing user:

Conrad Kaufman
United States Probation Officer
351 S. West Temple Street
Salt Lake City, Utah 84101
Telephone: (801) 535-2740
Email: conrad_kaufman@utp.uscourts

By: /s/ *Darrell J. York*
Darrell J. York (SBN #14408)
Attorney for Krista Renae Stone